WARD, Judge.
Charles and Curley Jones were passengers in a taxi cab driven by Rudolph May and were injured when May’s cab collided with David Venanzi’s car at the intersection of Downman Road and Morrison Road in New Orleans. Mr. and Mrs. Jones filed suit for damages, naming as defendants May; the insurer of the taxi cab, Insurance Company of Florida; David Venanzi; and Progressive American Insurance Company, their own uninsured motorist carrier.
The Trial Court entered a judgment in favor of Charles Jones, individually, in the sum of $6,520.00 for pain and suffering and medical expenses, and in favor of Cur-ley Jones, individually, in the sum of $6,800.00 for pain and suffering, together with legal interest on each amount from the date of judicial demand, until paid, and for all costs. The judgment was entered against Rudolph May and Insurance Company of Florida in solido, for 80% comparative negligence and against David Venanzi for 20% comparative negligence. Additionally, the Trial Court found Venanzi to be an uninsured motorist and held Progressive American Insurance Company liable in soli-do with Venanzi.
*157 Both Venanzi and Progressive American Insurance Company have appealed the finding that Venanzi was 20% at fault in causing the accident. The evidence at the trial showed that the accident occurred as follows. The cab operated by May was proceeding westbound in the left lane of Morrison Road, which has three lanes of travel on each side divided by a canal. May was to deliver Mr. and Mrs. Jones, who were seated in the back seat, to Ray’s Body Shop, located on Morrison Road, but beyond the intersection of Downman and Morrison. Although the cab’s destination lay straight ahead, the cab had stopped at the red light of the intersection in the extreme left lane, which is a “left-turn-only” lane. Venanzi’s car had stopped in the middle lane, which permitted left turns on Downman Road or the option of going straight on Morrison Road.
May had his left-turn indicator on and initially attempted to make a left turn, until Mr. and Mrs. Jones noticed Ray’s Body Shop could only be reached by driving straight on Morrison. Once he realized he should not make a turn, May illegally attempted to go straight on Morrison. Ven-anzi elected to make a left turn instead of going straight across the intersection. The two vehicles collided.
The Trial Court did not assign written reasons for its holding Venanzi 20% comparatively negligent. Damages, however, should not have been apportioned between the defendants. The defendants were liable in solido for all of the damages. C.C. art. 2324. Under the comparative negligence doctrine as embodied in C.C. art. 2323, damages are only apportioned between the plaintiff and the defendants) when the plaintiff is contributorily negligent. Mr. and Mrs. Jones were not negligent in this case. Therefore, as a matter of law, all defendants found liable in this case should have been held liable in solido with the other defendants, and the fault should not have been apportioned.
Nevertheless, an examination of the entire record does not support holding Ven-anzi negligent. There was no evidence of Venanzi operating his vehicle in an unsafe manner, or of an improper turn or any other illegal acts. Furthermore, the evidence indicates that the right front of May’s cab was damaged, as was the driver’s side door and left front wheel of Ven-anzi’s car, showing that Venanzi was not able to prevent the accident because he was already negotiating his left turn when May’s cab hit his vehicle. Therefore, based on the evidence, we hold it was manifest error to attribute any negligence or liability to Venanzi.
Progressive American Insurance Company has also appealed the Trial Court’s holding it liable in solido with Venanzi based on a finding that Venanzi was an uninsured motorist. It is unnecessary to determine whether Venanzi was an uninsured motorist because Venanzi was not negligent.
Judgment is to be reversed in favor of both Venanzi and Progressive American Insurance Company, and all costs to be paid by Rudolph May and Insurance Company of Florida.
REVERSED AND RENDERED.